## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| JAMES BOSWELL and <br> PAMELA BOSWELL, <br><br>     Plaintiffs, <br><br> v. <br><br> RIVERDALE CREDIT UNION and <br> APRIL EZELLE, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )    CASE NO. 2:18-cv-00130 <br> ) <br> ) <br> ) <br> ) <br> ) |

### NOTICE OF REMOVAL

The National Credit Union Administration Board (the "NCUA Board"), as an independent agency of the federal government and as liquidating agent for Riverdale Credit Union ("Riverdale"), hereby notices its removal of this action. Original jurisdiction over the underlying claims is vested in federal court—with all other courts being divested of concurrent jurisdiction. *See* 12 U.S.C. § 1787(b)(13)(D). Removal thus is proper under 12 U.S.C. §§ 1441(a) and 1446.

*Statutory and Regulatory Framework*

The National Credit Union Administration is a federal agency created under the Federal Credit Union Act as codified at 12 U.S.C. § 1751 *et seq*. The NCUA is subject to the direction and management of the NCUA Board. *See* 12 U.S.C. § 1752a. As such, the NCUA Board provides federal oversight and regulation to all federally-chartered credit unions and all federally-insured credit unions. *See, e.g.,* 12 U.S.C. §§ 1754-1756 and 1781; *see also* 12 C.F.R. § 741.0 *et seq*. Among the authority possessed by the NCUA Board is the power to direct closure and liquidation of a credit union that it determines to be "bankrupt," "insolvent," or "critically undercapitalized." *See* 12 U.S.C. § 1787(a). Under those circumstances, the NCUA Board may appoint itself as liquidating agent and, by operation of law, succeed to all rights, titles, powers, and privileges of the credit union. *See* 12 U.S.C. § 1787(b)(2).

1

There exist comprehensive federal statutes and regulations governing the liquidation of credit unions. Pursuant to the administrative procedures set out in the Federal Credit Union Act and the regulations promulgated thereunder, any claims against a credit union in liquidation must be submitted to the liquidating agent and reviewed by the NCUA Board. *See* 12 U.S.C. § 1787 and 12 C.F.R. § 709.0 *et seq.* ("The rules and procedures in this part apply to … the involuntary liquidation and adjudication of creditor claims in all cases involving federally-insured credit unions."). If a claim is approved by the NCUA Board, its payment is subject to the priority framework set out in 12 C.F.R. § 709.5 (stating that secured claims, administrative costs, taxes, and certain other categories take priority over the payment of general creditors and unsecured claims). If a claim is disallowed, either in whole or in part, then the claimant has two alternative means of recourse: (1) the claimant may within 60 days file an administrative appeal or (2) the claimant may within 60 days pursue litigation. *See* 12 U.S.C. § 1787(b)(6) and 12 C.F.R. § 709.7. However, except where litigation was already pending elsewhere prior to the appointment of a liquidating agent, suit must be filed "in the district or territorial court of the United States for the district within which the credit union's principal place of business is located or in the United States District Court for the District of Columbia." *See* 12 U.S.C. § 1787(b)(6) and 12 C.F.R. § 709.7. By federal statute, all other courts are without jurisdiction:

> (D) **Limitation on judicial review.** Except as otherwise provided in this subsection, **no court shall have jurisdiction over**—
>
> (i) **any claim or action for payment from**, or any action seeking a determination of rights with respect to, **the assets of any credit union for which the Board has been appointed liquidating agent**, including assets which the Board may acquire from itself as such liquidating agent; or
>
> (ii) **any claim relating to any act or omission of such credit union** or the Board as liquidating agent.

12 U.S.C. § 1787(b)(13)(D) (emphasis added).

2

*Factual Background*

Riverdale at all relevant times maintained its principal place of business in Dallas County, Alabama. (*See* Complaint at ¶ 2, attached hereto as Exhibit "A").

Following a determination of insolvency, Riverdale was placed into involuntary liquidation by the NCUA Board effective December 4, 2017. The NCUA Board further appointed itself as liquidating agent. (*See* Notice of Involuntary Liquidation, attached hereto as Exhibit "B").

The Boswells subsequently commenced litigation against Riverdale in the Circuit Court of Dallas County, Alabama on February 16, 2018 for claims relating to various loan accounts. (*See* Complaint). However, because Riverdale had been placed into liquidation by the NCUA Board at the time of filing, the controlling statutes and regulations mandate that any claims purportedly held by the Boswells be brought for litigation in federal court. *See* 12 U.S.C. § 1787(b)(6)(A)(ii) (noting that "the district court … shall have jurisdiction to hear such claim"); *see also* 12 C.F.R. § 709.7. Such federal jurisdiction is exclusive and cannot be circumvented by an attempted filing in state court. *See* 12 U.S.C. § 1787(b)(13)(D) ("Except as provided in this subsection, no court shall have jurisdiction … ").

*Procedural Compliance*

Removal is being noticed within 30 days of commencement of the underlying action and thus is timely under 28 U.S.C. § 1446(b). (*See also* Exhibit "C" hereto).

Venue likewise is proper under 28 U.S.C. § 1446(b) on the basis that the Dallas County Circuit Court is within the Northern Division of the United States District Court for the Southern District of Alabama.

The NCUA Board states that co-defendant April Ezelle has joined in this removal as contemplated by 28 U.S.C. § 1446(b)(2)(A). Chad W. Bryan represents that he has the express permission of counsel for April Ezelle to affix an electronic signature denoting the joinder herein.

Pursuant to 28 U.S.C. § 1446(d), the NCUA Board is serving this Notice of Removal upon counsel for the Boswells and otherwise shall file a copy of this Notice of Removal with the Dallas County Circuit Court Clerk in case number CV-2018-900048.

As required by 28 U.S.C. § 1446(a), the NCUA Board is submitting herewith all process, pleadings, and orders from the Circuit Court of Dallas County, Alabama, case number CV-2018-900048.  (*See* Exhibit "D" hereto).

*Conclusion*

The Boswells have attempted to avoid exclusive federal jurisdiction by failing to disclose in their Complaint (1) that Riverdale has been placed into liquidation by the NCUA Board and (2) that their claims are subject to the procedures established under the Federal Credit Union Act—despite extensive pre-suit communications from the NCUA Board and counsel to that effect. Accordingly, any purported claims held by the Boswells against Riverdale must be asserted exclusively in federal court and upon a showing of administrative exhaustion.  *See* 12 U.S.C. § 1787(b)(6) and 12 C.F.R. § 709.7 (setting out process for administrative review and limiting jurisdiction over litigation to "the district or territorial court of the United States for the district within which the credit union's principal place of business is located or in the United States District Court for the District of Columbia");  *accord* 12 U.S.C. § 1787(b)(13)(D) ("Except as otherwise provided in this subsection, no court shall have jurisdiction … .").

**WHEREFORE**, the NCUA Board respectfully requests that this Court accept jurisdiction over all further proceedings as though the action had originally been initiated in this forum.

Respectfully submitted,

/s/ Chad W. Bryan
**CHAD W. BRYAN (ASB: 7754-H71B)**
*Attorney for the National Credit Union Administration Board as liquidating agent for Riverdale Credit Union*

4

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8034
Facsimile: (334) 241-8234
Email: chad.bryan@chlaw.com

/s/ James N. Nolan (with permission)
**JAMES N. NOLAN (ASB: 6012-N61J)**
*Attorney for April Ezelle*

OF COUNSEL:
**CONSTANGY, BROOKS, SMITH &
  PROPHETE, LLP**
Two Chase Corporate Drive
Suite 120
Birmingham, AL 35244
Telephone: (205) 252-9321
Facsimile: (205) 323-7674
Email: jnolan@constangy.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of March 2018, a copy of this document is being served by electronic and U.S. Mail to counsel for Plaintiffs as indicated below:

Thomas C. Atchison
ATCHISON INJURY ATTORNEYS
300 Broad Street
Selma, Alabama 36701
Email: tatchison@asilpc.com

                                          /s/ Chad W. Bryan
                                          **OF COUNSEL**