# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JAMES BOSWELL, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION 18-0130-WS-B |
| RIVERDALE CREDIT UNION, et al., | ) |
| Defendants. | ) |

## ORDER

The plaintiffs filed this action in state court. The complaint asserts only state-law claims, and the parties are not diverse. (Doc. 1-1). National Credit Union Board ("the Board") nevertheless removed, citing 12 U.S.C. § 1787(b), then promptly filed a motion to dismiss the action for lack of subject matter jurisdiction. (Doc. 3).

The Board is authorized by federal statute, under certain circumstances, to close any credit union and appoint itself liquidating agent. 12 U.S.C. § 1787(a)(3). The Board did so with respect to the defendant credit union ("Riverdale") on November 16, 2017. (Doc. 3-1). By operation of law, the Board thereby succeeded to all rights, titles, powers and privileges of Riverdale and its assets. 12 U.S.C. § 1787(b)(2).

Among the Board's powers is that of determining claims. 12 U.S.C. § 1787(b)(3)(A). The Board is required to provide prompt notice to creditors to present their claims by a specific date, at least 90 days after notice. *Id*. § 1787(b)(3)(B), (C). The Board mailed such notice to the plaintiffs on December 15, 2017, establishing a deadline of March 14, 2018 for presenting claims. (Doc. 3-3). As of March 26, 2018, the Board was unaware of any claim having been presented by the plaintiffs. (Doc. 3 at 2).

If a claim is filed, the Board is required to resolve the claim within 180 days or such longer period to which the parties have agreed. 12 U.S.C. § 1787(b)(5)(A). If the Board disallows the claim, or if the Board fails to resolve the claim by the applicable deadline, the claimant may, within 60 days thereafter, file suit on the claim in federal court. *Id*. § 1787(b)(6)(A). In that event, "such court shall have jurisdiction to hear such claim." *Id*. Otherwise, "no court shall have jurisdiction over … any claim or action for payment from" the assets of the credit union. *Id*. § 1787(b)(13)(D).[1]

As noted, the Board is unaware of any claim having been filed by the plaintiffs. Because it is unaware of any claim, it has not resolved any such unknown claim; nor has it been 180 days since a claim was filed (since it has not been 180 days since the Board placed Riverdale in involuntary liquidation). Therefore, the plaintiffs are not authorized by Section 1787(b)(6) to file suit, and therefore Section 1787(b)(13)(D) precludes subject matter jurisdiction over the plaintiffs' lawsuit. (Doc. 3 at 3-4).

The difficulty with the Board's removal is that only a civil action "of which the district courts of the United States have original jurisdiction" may be removed. 28 U.S.C. § 1441(a). Thus, if the plaintiffs filed no timely claim, or if they did so but the Board has not resolved the claim, the interplay of Sections 1787(b)(6)(A) and 1787(b)(13)(D) precludes original jurisdiction and thus prevents removal.

The Board suggests that the plaintiffs may have filed a timely claim of which the Board is somehow ignorant. (Doc. 3 at 1, 2, 4). The Court does not understand how this is possible; nor does the Court see how it matters. Pursuant to the provisions discussed above, the courts have no jurisdiction over a plaintiff's lawsuit filed after the credit union is placed in involuntary liquidation unless there

---

[1] The rules are somewhat different for lawsuits filed before the Board places the credit union in involuntary liquidation, but the plaintiffs filed this action in February 2018, after Riverdale was placed in involuntary liquidation.

has been both a timely submission of a claim and a disallowance of the claim. Even if the first requirement has been met, the second clearly has not.[2]

The Board also points out that, had the plaintiffs filed a timely claim which the Board had disallowed, Section 1787(b)(6)(A) would make federal court the only proper forum for this lawsuit. (Doc. 1 at 2). That appears to be correct, but it does not validate removal in the absence of subject matter jurisdiction.

Accordingly, the defendants are **ordered** to show cause, on or before **April 17, 2018**, why this action should not be remanded to the Circuit Court of Dallas County (where it presumably will be dismissed for want of jurisdiction), failing which the Court will remand the action without further notice.

DONE and ORDERED this 10th day of April, 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] The Board suggests that, if it turns out the plaintiffs timely filed a claim, the Court could stay this action pending the Board's resolution of the claim. (Doc. 3 at 4 n.2). The Board does not explain how the Court could stay an action over which it has no jurisdiction, and elsewhere they acknowledge there can be no subject matter jurisdiction before "the administrative process is exhausted." (*Id*. at 3). As the Court has noted, "a stay cannot be entered in the absence of subject matter jurisdiction." *Reeves v. Myers*, 2015 WL 5202077 at *1 n.2 (S.D. Ala. 2015) (collecting cases).

3