IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES BOSWELL and PAMELA BOSWELL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:18-cv-00130 |
| RIVERDALE CREDIT UNION and APRIL EZELLE, | ) ) ) ) | |
| Defendants. | ) | |

## RESPONSE TO ORDER TO SHOW CAUSE

The National Credit Union Administration Board (the "NCUA Board"), in its capacity as liquidating agent for Riverdale Credit Union, hereby responds as follows to the April 10, 2018 Order [Doc. 6] directing that it show cause why this action should not be remanded to the Circuit Court of Dallas County for a presumptive dismissal in that forum:

1.  The NCUA Board removed proceedings to this Court on March 19, 2018. [Doc. 1]. That was only five days beyond the March 14, 2018 deadline for Plaintiffs to have submitted an administrative Proof of Claim Form as required by the statutory and regulatory framework established under the Federal Credit Union Act. *See* 12 U.S.C. § 1787(b) and 12 C.F.R. § 709.0 *et seq*. (establishing exclusive procedure for asserting claims against credit unions for which the NCUA Board has been appointed liquidating agent). Based upon prior discussions with counsel for Plaintiffs regarding the mandatory nature of the administrative claims process, the NCUA Board was under the impression that an administrative claim potentially had been submitted prior to the deadline but not yet received.

1

2. Still with no record of an administrative claim having been received by its responsive pleading deadline of April 26, 2018, the NCUA Board filed a motion to dismiss on the basis that 12 U.S.C. § 1787(b)(13)(D) would preclude judicial review of Plaintiffs' claims absent evidence of a timely submitted administrative Proof of Claim. [Doc. 3]. Because of the compressed period of deadlines involved, the NCUA Board remained careful not to risk stating definitively that Plaintiffs had not met that requirement. [Doc. 3 at p. 2: "The NCUA Board is not aware of any Proof of Claim Form having been submitted by Plaintiffs."].[1]

3. With over thirty days now having elapsed since the administrative claim deadline, and with no administrative claim having been received for consideration (and hence no means of administrative denial), the NCUA Board can state with confidence that Plaintiffs are conclusively precluded from achieving administrative exhaustion.

4. Against that backdrop, the question raised by this Court fundamentally is whether under such circumstances it may accept removal and then immediately dismiss Plaintiffs' barred claims for non-compliance with the administrative exhaustion requirement (or whether the dismissal must be entered in state court). Respectfully, the NCUA Board submits that this Court is the appropriate forum for conducting the dispositive federal statutory and regulatory analysis.

5. Because Riverdale Credit Union was placed into liquidation prior to the commencement of litigation, jurisdiction over Plaintiffs' litigation claims potentially could exist <u>only</u> in this Court, *i.e.*, the Federal Credit Union Act provides no jurisdictional vehicle for commencing post-liquidation claims in state court. *See* 12 U.S.C. § 1787(b). It follows then that

---

[1] The NCUA Board suggested that a stay might be appropriate in the event that an administrative claim was shown to have been timely submitted but not yet received or processed. However, as this Court noted in its April 10, 2018 Order, the mere submission of a timely claim without a corresponding denial (either actual or constructive) would not save prematurely filed litigation from dismissal.

proceedings improperly brought in state court should be removable as being within the original jurisdiction of the appropriate federal court for an evaluation in that forum of whether the claimant has complied with the administrative exhaustion requirement for filing suit. To conclude otherwise would give state courts the potential to thwart the uniform process clearly contemplated under federal law.

6. Here, Plaintiffs were advised of the mandatory administrative claims procedure prior to their initiation of proceedings in the Circuit Court of Dallas County. Assuming *arguendo* that Plaintiffs possess some theory to justify their failure to strictly comply in that regard notwithstanding the absence of any statutory or regulatory exceptions, then this Court would appear to have original (and exclusive) jurisdiction pursuant to 12 U.S.C. § 1787(b)(6)(A) over any resulting litigation. Accordingly, it is respectfully submitted that Plaintiffs should be compelled to present in this Court any alleged theories excusing their non-compliance with the administrative claims procedure of 12 U.S.C. § 1787(b), *i.e.*, an evaluation of Plaintiffs' position should be conducted as part of this Court's jurisdictional analysis of the removal/remand issue. If this Court subsequently concludes that jurisdiction is absent, then it may revisit the propriety of remand and include any additional guidance that might prove helpful to a state court with limited familiarity of the underlying federal framework.

7. Plaintiffs obviously believe that the consequences of their non-compliance with mandatory provisions of 12 U.S.C. § 1787(b) will not be enforced by the Circuit Court of Dallas County. Although this Court's April 10, 2018 Order suggests that upon remand the claims against the NCUA Board "presumably will be dismissed for want of jurisdiction" [Doc. 6 at p. 3], experience cautions that such efficiencies are not always assured. The NCUA Board thus

potentially could be forced to suffer the time and expense of protracted litigation in state court over the interpretation and impact of an exclusively federal statutory and regulatory process.

8. In candor, the NCUA Board is not aware of any prior decision addressing 12 U.S.C. § 1787(b) in the present posture of a removed action in which dismissal is sought. Reported decisions under the relevant provisions are scant. What is clear (and confirmed by this Court's April 10, 2018 Order), however, is that a dismissal would be appropriate had Plaintiffs initially commenced the same proceedings in federal court. *See Sicherman v. National Credit Union Admin. Bd.*, 535 B.R. 196, 200 (Bankr. N.D. Ohio 2015) ("[T]he statute precludes judicial review until the administrative claims procedure is complete.") (quoting *National Credit Union Admin. Bd. v. Lormet Community Federal Credit Union*, 2010 WL 4806794, *4 (N.D. Ohio Nov. 18, 2018)); *Burtrand v. Zalesny*, 2012 WL 13028204, *3 (N.D. W. Vir. Aug. 29, 2012) ("If an individual does not follow the FCUA administrative procedure, then no court has jurisdiction over the claim."); *Acciard v. Whitney*, 2011 WL 4552564, *3 (M.D. Fla. Sept. 30, 2011) ("Section 1787 of the NCUA governs the liquidation of federally insured credit unions and provides an administrative claim procedure which serves as a jurisdictional prerequisite to litigation. … A prospective plaintiff's failure to follow these procedures divests the district court of jurisdiction over the prospective claim.") (emphasis added). Judicial economy thus would be best served by dismissing Plaintiffs' claims against Riverdale Credit Union in this Court or, at a minimum, by addressing in this Court any potential arguments that Plaintiffs might have for excusing their non-exhaustion under 12 U.S.C. § 1787(b).

**CONCLUSION**

9. By federal statute and regulation, the only mechanism by which claimants can commence proceedings against a credit union over which the NCUA is serving as liquidating agent is through compliance with the administrative claims procedure of 12 U.S.C. § 1787(b) followed by litigation in federal court. If Plaintiffs contend that they are somehow excused from the administrative exhaustion requirement such that they can proceed immediately with litigation, then such issue should be evaluated by this Court in determining whether it would be appropriate to exercise the exclusive federal jurisdiction vested under 12 U.S.C. § 1787(b)(6)(A).

    Respectfully submitted,

    /s/ Chad W. Bryan
    **CHAD W. BRYAN (ASB: 7754-H71B)**
    *Attorney for the National Credit Union Administration*
    *Board as liquidating agent for Riverdale Credit Union*

OF COUNSEL:
**CAPELL & HOWARD, P.C.**
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8034
Facsimile: (334) 241-8234
Email: chad.bryan@chlaw.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 17th day of April 2018 this document was filed electronically via the CM/ECF filing system, which will send notice to the following counsel of record:

Thomas C. Atchison
ATCHISON INJURY ATTORNEYS
300 Broad Street
Selma, AL 36701
Email: tatchison@asilpc.com

James N. Nolan
CONSTANGY, BROOKS, SMITH &
 PROPHETE, LLP
Two Chase Corporate Drive
Suite 120
Birmingham, AL 35244
Email:  jnolan@constangy.com

             /s/ Chad W. Bryan
             **OF COUNSEL**