IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| JAMES BOSWELL, et al., | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION 18-0130-WS-B |
| RIVERDALE CREDIT UNION, et al., | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on its *sua sponte* review of its subject matter jurisdiction. As discussed in a previous order, (Doc. 6), the defendant Board removed pursuant to 28 U.S.C. § 1441 and 12 U.S.C. § 1787(b). As then noted, the latter section provides that, unless the plaintiff has already filed a timely administrative claim that has either been denied or that remains pending after 180 days, "*no court shall have jurisdiction* over … any claim or action for payment from" the assets of the subject credit union. *Id*. § 1787(b)(13)(D) (emphasis added). As also noted, the former section forbids removal unless the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because the Board denied that the plaintiffs had filed any administrative claim, knew it had not denied any claim, and knew it had not been 180 days since the earliest date a claim could have been filed, the Court questioned how it could have subject matter jurisdiction so as to support removal. The Court afforded the Board an opportunity to respond, and the Board has done so. (Doc. 7).

The Board concedes that Section 1787(b)(13)(D) deprives the Court of subject matter jurisdiction. (Doc. 3 at 1, 3). The Board argues that removal nevertheless should be allowed, in clear violation of Section 1441(a) and countless

controlling decisions of the Supreme Court and Eleventh Circuit, because to do otherwise "would give state courts the potential to thwart the uniform process clearly contemplated under federal law." (Doc. 7 at 3). That is, the Board would have the Court assume that the defendants' right to dismissal of the action for lack of jurisdiction "will not be enforced by the Circuit Court of Dallas County," (*id.*), and to use that assumption as a basis to accept removal of a case over which the Court has no jurisdiction. The Board offers no reason to believe the state court is unable to understand or unwilling to enforce federal law[1] and no authority for the proposition that such a concern could even possibly override Section 1441(a). The burden of demonstrating the propriety of removal rests on the Board, not the Court,[2] which will not attempt to provide what the Board has omitted.

The Board next suggests that perhaps the plaintiffs believe, despite pellucid statutory language to the contrary, that their non-compliance with the exhaustion requirement can be excused and that they can be allowed to maintain this action despite their non-compliance. The Board proposes that the plaintiffs "should be compelled to present in this Court any alleged theories" supporting such a stance. (Doc. 7 at 3). The Board does not suggest that any such theory is possible, and its own presentation of the statutory scheme persuasively reflects that no such reading is tenable. But the more fundamental problem with the Board's proposal is that it assumes the Board is free to remove a case over which it insists the Court has no

---

[1] "[A]ny state court is generally presumed competent to interpret and apply federal law …." *Walker v. Jefferson County Board of Education*, 771 F.3d 748, 755 (11th Cir. 2014). The Board cryptically warns that "experience cautions" against trusting the state court to enforce federal law, (Doc. 7 at 3), an unelaborated attack by innuendo that the Court will not dignify with a response.

[2] "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Thus, "the burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013); *accord Adventure Outdoors, Inc. v. Blomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

2

jurisdiction and then leave it to the plaintiffs to establish that there is jurisdiction. That is not how removal works.

Finally, the Board argues that the Court should accept removal and dismiss for lack of jurisdiction, rather than remand to state court for a similar dismissal, in the name of "judicial economy." (Doc. 7 at 4). Suffice it to say that jurisdictional limitations on the Court's power cannot be ignored in the name of efficiency. *In re: Lemco Gypsum, Inc.*, 910 F.2d 784, 789 (11th Cir. 1990) ("Judicial economy itself does not justify federal jurisdiction.").

For the reasons set forth above and in the Court's previous order, this action is **remanded** to the Circuit Court of Dallas County.

DONE and ORDERED this 18th day of April, 2018.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE